IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE MATTHEWS, AV5618, | ) |
| Plaintiff(s), | ) No. C 15-2968 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL |
| M. E. SPEARMAN, et al., | ) |
| Defendant(s). | ) |

Plaintiff, a prisoner at the Correctional Training Facility (CTF) in Soledad, California, filed a pro se complaint under 42 U.S.C. § 1983 alleging denial of meaningful access to the courts due to CTF officials' failure to accommodate his attention-deficit/hyperactivity disorder (ADHD) which he claims has rendered him "educationally handicapped." Compl. (dkt. #6) at 3. Plaintiff seeks an order compelling CTF officials to provide him and other ADHD prisoners "with the assistance of a scribe, reader, [or] researcher in order to have meaningful access to the courts." Id.

Per order filed on August 24, 2015, the court dismissed plaintiff's complaint with leave to amend to allege a claim of denial of access to the courts, if he could allege an actual injury to court access. The court explained that, "[r]egardless of whether a prisoner's denial of access to courts claim is based on his right to affirmative assistance or his right to litigate without active interference, he must allege: (1) a non-frivolous legal attack on his conviction, sentence or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. Aug. 24, 2015 Order (dkt. #14) at 3

(citations omitted).  Although plaintiff's assertion of denial of meaningful access to the courts due to CTF officials' failure to accommodate his ADHD suggests a possible claim of denial of access to the courts based on a prisoner's right to affirmative assistance,

> plaintiff has not identified a specific inadequacy in the prison's legal access program or alleged an actual injury, "such as the inability to meet a filing deadline or to present a claim," [Lewis v. Casey, 518 U.S. 343, 348 (1996)], stemming from any inadequacy in the prison's legal access program.  Compare Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004) (prisoner "did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library") with Hebbe v. Plier, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff alleged actual injury because denying him law library access while on lockdown prevented him from appealing his conviction).

Aug. 24, 2015 Order at 3.

Plaintiff was given 28 days to amend and warned that "[f]ailure to file a proper amended complaint within the designated time will result in the dismissal of this action."  Id. at 4.

On September 3, 2015, plaintiff submitted various declarations from other inmates at CTF.  But more that 40 days have elapsed since the court gave him 28 days to amend and plaintiff still has not amended or sought an extension of time to do so.  The action is DISMISSED without prejudice.

The clerk shall enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED: Oct. 13, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Matthews, J.15-2968.dismissal.wpd